# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN MALONE,<br><br>        Plaintiff,<br><br>    v.<br><br>F. GONZALEZ, et al.,<br><br>        Defendants. | CASE NO.   1:12-cv-01758-MJS (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 13)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

### SCREENING ORDER

**I.    PROCEDURAL HISTORY**

On September 15, 2011, Plaintiff Deshawn Malone, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 4.)

On August 2, 2012, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim. (ECF No. 12.) Plaintiff's First Amended Complaint (ECF No. 13) is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

1

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III.     SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint names Thomas Heaslip, Law Library Supervisor, California Correctional Institution (CCI), as the sole Defendant.

Plaintiff alleges the following:

In 2010 Plaintiff was confined at CCI and had access only to the Security Housing Unit's law library. The library provided inmates with a list of available legal forms that could be delivered directly to an inmate in his cell. The available forms were vaguely identified and did not distinguish between state and federal court. Plaintiff sought "to initiate a state tort law suit" and therefore requested the "summons" form. The library sent Plaintiff a

2

document for federal court. (Compl. at 5.) Plaintiff requested a state court civil summons and again received forms for federal court.

Plaintiff tried to file his claim in state court on December 22, 2010 by copying the format of the federal forms and annotating the documents to convey his intention to file a state law claim. The Clerk for Kern County Superior Court returned Plaintiff's documents as deficient, identified the correct documents, and notified Plaintiff that CCI officials were legally obligated to provide the correct documents necessary to institute his claim. (Id. at 6.)

On March 1, 2011, Plaintiff forwarded the Clerk's response to the law library. The next day Plaintiff visited the library and asked about the requested forms. Librarian Karlow told Plaintiff that Supervisor Heaslip was responsible for providing the requested documents. Plaintiff submitted a written request to Heaslip on March 13, 2011 and received no response. (Id.) The following week Plaintiff filed an inmate grievance seeking the necessary forms. Plaintiff has not received the requested documents. (Id. at 7.)

**IV.   ANALYSIS**

    **A.   Section 1983**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 678-79.

### B. Access to Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust , 588 F.3d 652, 655 (9th Cir. 2009). "Under the First Amendment, a prisoner has both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances." Silva, 658 F.3d at 1101-02.

The "right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977); see also Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999). To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Plaintiff alleges that he attempted to file a claim in state court and twice requested from the law library the state forms necessary to accomplish this. Each time he received

4

incorrect and insufficient versions. Plaintiff wrote to the supervisor reported to be responsible for securing the right forms, Defendant Heaslip, but received no response. Plaintiff filed an inmate grievance, but still has not yet received the forms.

Plaintiff has adequately alleged a failure to provide the means necessary to file his claim and gain access to the legal system. He alleges facts indicating that without the forms he is shut out of court. However, nothing in the pleading reflects that Plaintiff has actually been injured as a result of this denial. "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. The right to litigation assistance is limited to the tools prisoners need "in order to attack their sentences, [either] directly or collaterally, and in order to challenge the conditions of their confinement." Id. at 355. Plaintiff's broader right to litigate without interference applies to all civil actions in court that have a reasonable basis in law or fact. Silva, 658 F.3d at 1102-3 (citations and quotations omitted).

Plaintiff refers to the intended claim as "a state tort law suit" but otherwise gives no indication of its nature, against whom it is directed, what time limits apply to its filing, and whether applicable time limits have expired. As pled, Plaintiff has failed to adequately identify an actual injury and therefore fails to state an access to courts claim.

The amended complaint also fails to demonstrate that any named Defendant interfered with Plaintiff's right to litigate; Plaintiff was free to communicate with the law library and submit documents to the superior court. The right to litigate without interference "does not require prison officials to provide affirmative assistance in the preparation of legal papers, but rather forbids states from erecting barriers that impede the right of access of incarcerated persons." Id. at 1102 (citations and quotations omitted).

The Court will grant Plaintiff leave to amend. In order to state a cognizable access to courts claim, Plaintiff must have been denied the means to file a direct criminal appeal, habeas petition, or civil rights action. To state a claim based on interference, Plaintiff must allege facts demonstrating that a defendant erected a barrier to Plaintiff's litigation or otherwise actively interfered.

### V.     CONCLUSION

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer

6

serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed September 4, 2012; and

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   February 26, 2013          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

7