# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN MALONE, | CASE NO.    1:12-cv-01758-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| F. GONZALEZ, et al., | (ECF No. 19) |
| Defendants. | CLERK SHALL CLOSE THE CASE |
| _____/ | |

## SCREENING ORDER

### I.    PROCEDURAL HISTORY

On September 15, 2011, Plaintiff Deshawn Malone, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 4.)

Plaintiff's Complaint (ECF No. 1) and First Amended Complaint (ECF No. 13) were screened and dismissed, with leave to amend, on August 2, 2012 and February 27, 2013, respectively, for failure to state cognizable claims.  (ECF Nos. 12, 18.)  Plaintiff's Second

Amended Complaint (ECF No. 19) is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF SECOND AMENDED COMPLAINT

The Second Amended Complaint names Thomas Heaslip, Law Library Supervisor, and F. Gonzalez, Warden, of California Correctional Institution (CCI), as Defendants.

Plaintiff alleges the following:

In 2010 Plaintiff was confined in the Security Housing Unit (SHU) at CCI and had access to the unit's law library.  Plaintiff sought to initiate a civil claim in state court and was

told that legal forms could be requested from the SHU law library via CCI's internal mail. Plaintiff had a list of the forms available in the library.  (Compl. at 6.)  The listing of available forms did not distinguish between state and federal court documents.  Plaintiff requested the "summons" form because the state summons form is required upon filing an action in state court.  The library sent Plaintiff a civil rights complaint form designed to initiate a section 1983 claim in federal court.  Plaintiff specifically requested a state court summons a second time and again received the federal form.

Plaintiff tried to file his claim in state court on December 22, 2010 by copying the format of the federal forms and annotating the documents to convey his intention "to initiate a state tort civil law suit."  (Id. at 7.)  The Clerk for Kern County Superior Court returned Plaintiff's documents as deficient, identified the correct documents, and notified Plaintiff that CCI officials were legally obligated to provide the correct documents necessary to institute his claim.  (Id. at 7, 8.)

On March 1, 2011, Plaintiff forwarded the Clerk's response to the law library.  The next day Plaintiff visited the library and asked about the requested forms.  Legal Technical Assistant Karlow checked for the forms and discovered that the library did not have them. Karlow told Plaintiff that he was not responsible for getting the forms and directed Plaintiff to Supervisor Heaslip.  (Id. at 8.)  Plaintiff submitted a written request to Heaslip on March 13, 2011 and received no response.  (Id. at 8, 9.)  The following week Plaintiff filed an inmate grievance seeking the necessary forms.  Plaintiff has not received the requested documents.  (Id. at 9.)

The underlying claim Plaintiff sought to litigate was an unspecified civil tort action in state court based on the use of curse words by two correctional officers.  (Id. at 5, 6.)

3

Plaintiff filed the necessary administrative claim with the California Government Claims Board before trying to initiate the suit in state court. (Id. at 6.)  His two year window to file a claim in court has now passed.  Plaintiff alleges that the Defendants obstructed his efforts to litigate by failing to provide the necessary forms and in so doing violated his First Amendment rights.  (Id. at 9, 10.)

## IV.   ANALYSIS

### A.   Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 678-79.

4

### B.   Access to Courts

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust , 588 F.3d 652, 655 (9th Cir. 2009).  "Under the First Amendment, a prisoner has both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances."  Silva, 658 F.3d at 1101-02.

The "right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Bounds v. Smith, 430 U.S. 817, 828 (1977); see also Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999).  To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

The "actual injury" requirement is satisfied only where the frustrated legal claim is a nonfrivolous direct criminal appeal, habeas corpus proceeding, or civil rights challenge to conditions of confinement.  Lewis, 518 U.S. at 353–55 ("Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").  The right of access to the courts was only extended to "'civil rights actions' - i.e., actions under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights,'" because "'the demarcation line between civil rights actions and habeas petitions is not always clear. . . .'" Id. at 354–55 (quoting Wolf v. McDonnell, 418 U.S. 539, 579 (1974)).

Plaintiff alleges that he has been denied the capability to pursue "a state tort civil

law suit" seeking redress for the use of profane language by prison officials.  Plaintiff was

not attempting to challenge his conviction or vindicate basic constitutional rights.  Instead,

Plaintiff sought to enjoin correctional officers from using inappropriate language in violation

of California Code of Regulations, title 15, section 3391(a).

Under the circumstances, the Defendants were not obligated to provide Plaintiff with

assistance.  See Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of

access is designed to ensure that a habeas petition or a civil rights complaint of a person

in state custody will reach a court for consideration."); see also Simmons v. Sacramento

County Superior Court, 318 F.3d 1156, 1159–60 (9th Cir. 2003) (stating that "a prisoner

has no constitutional right of access to the courts to litigate an unrelated civil claim.").

Plaintiff's broader right to litigate without interference applies to all civil actions in

court that have a reasonable basis in law or fact.  Silva, 658 F.3d at 1102-3 (citations and

quotations omitted).  The amended complaint fails however to demonstrate that any named

Defendant interfered with Plaintiff's right to litigate; Plaintiff was free to communicate with

the law library and submit documents to the superior court.  Although the required forms

were not available and Defendants failed to request them for Plaintiff, the right to litigate

without interference "does not require prison officials to provide affirmative assistance in

the preparation of legal papers, but rather forbids states from erecting barriers that impede

the right of access of incarcerated persons." Id. at 1102 (citations and quotations omitted).

The Defendants' failure to assist Plaintiff is not active interference.

Plaintiff's constitutional right to access to the courts does not include a right to

institute a state tort lawsuit.  See Lewis, 518 U.S. at 355.  Moreover, Plaintiff has failed to

demonstrate that the Defendants actively interfered with his right to litigate.  The Court

notified Plaintiff of these pleading deficiencies and of what was necessary to state a cognizable claim.  The fact that he has again failed to successfully amend is reason to conclude he can not successfully amend.  No useful purpose would be served in once again advising him of the applicable standard and giving him further leave to amend.

## V.  CONCLUSION AND ORDER

For the reasons stated above, the Court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile.  See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.  The Clerk shall close the case.


IT IS SO ORDERED.

Dated:    March 28, 2013          _____ /s/ Michael J. Seng_____
                                  UNITED STATES MAGISTRATE JUDGE